May it please the Court, I, Matt Kezhaya, the appellant appearing pro se, there is a error in the sanctions order and that's the misapplication of law. The judge found that professional management and associates is controlling case law, but at our last oral argument back in December, the author of professional management, Judge Loken, described it as follows, it did not, it didn't touch this issue, this is a highly unique issue, in Judge Loken's words. Controlling precedent by this Court provides, upon a dismissal without prejudice, which we had, a plaintiff has an election. They may refile or they may appeal. We chose to refile. The fact that there was an order of denial of leave to amend is irrelevant to that issue, which the district judge recognized at addendum page 45. Quoting from Northern Assurance out of the Second Circuit, district judge says it's irrelevant to the issue of res judicata, and the policy here is that the plaintiff brings all their claims at once. And we did. That's how they got dismissed without prejudice. We brought all of our claims in the first complaint. Judge says that they're factually deficient. We need to go plead more facts. We asked for leave to plead more facts. We were told no. So what do we do? We don't abandon the issue. As a lawyer, I'm not supposed to abandon issues for my client. That's my job. And for that, I got sanctioned. This was wrong. It was an abuse of discretion. There's a case out of this Court called Kalinsky, which addresses this point almost exactly on this issue. There, it was a preceding dismissal without prejudice for lack of jurisdiction, lack of subject matter jurisdiction. Just on the chronology, did you file the second lawsuit before the — before you challenged the denial of leave to amend? We did not challenge the denial of leave to amend. I see. I thought you said you did. That was my understanding, that instead of challenging the denial of leave to amend by going up to the district court, you filed a second lawsuit. Correct. Correct. And the reason being that the denial of leave to amend was on a discretionary issue. We evaluated the matter and we said, well, abuse of — What do you mean a discretionary issue? It was a matter of timeliness, whether we timely sought leave to amend. Magistrate judge says no. Scheduling order provided until about a year before the order of dismissal came out. We feel like that's wrong, but it's a matter of discretion. If the magistrate judge wants to have two cases instead of one, that's the magistrate's call. So we used that election, to which we are entitled, and we filed the new suit. And the issue with all of this denial of leave without — or denial of leave to amend being treated as a de facto dismissal with prejudice was encountered in Kalinsky. In Kalinsky, they say denial of leave to amend cannot be contorted into a denial — a denial without prejudice cannot be contorted into a dismissal with prejudice by the denial of leave to amend. There, it was subject matter jurisdiction. Here, it was 12b-6, failure to state a claim. But Rule 41b is clear. You only have the two kinds of dismissals, either with or without prejudice. We erased all of it below, and district judge says Kalinsky is distinguishable, and therefore, I am sanctioned. That runs into the Black Hills case from Section 1.1 of the brief. Black Hills says you cannot collapse the merits of an argument with the merits of bringing it. That's exactly what happened here. Highly unique issue. If Kalinsky is not dispositive, meaning I win just straight out by application of Kalinsky, then it's an issue of first impression. I should not be getting sanctioned for bringing an issue of first impression to this Court, particularly so when, under the Restatement Chapter 1, to treat a dismissal without prejudice as one with prejudice has the de facto effect of removing the claim from the plaintiff without ever being heard. But for the fact that I brought the second lawsuit and the judge said dismissed with prejudice, but just in case I'm wrong about that, I'm going to go into the merits of the argument, we never would have gotten a decision. The plaintiff would have been deprived of their claim, their chosen action, and in the words of the restatement, it is either fundamentally unfair or inconclusive for a plaintiff to lose their claim. Well, we know it's not inconclusive because it got dismissed with prejudice. So it was just fundamentally unfair. The proceedings below were fundamentally unfair. That's the root issue in this case. Unless the Court has any particular questions, I'd reserve the rest of my time for rebuttal. Well, are we still waiting for a decision on the appeal of the merits? Yes, Your Honor. I suspect that they're waiting for this case to be submitted. Well, I wouldn't suspect that. I just wondered what the timing. I just wanted to make sure it was still pending. That was my understanding. Yes, Your Honor. It was orally argued in mid-December of last year, so presumably it's close. But on this side of the bar, we have no idea what's going on on your side. Thank you, Your Honor. And what do you think is wrong with the judge's ruling that the filing of the second lawsuit was impermissible claim splitting? It definitely was not claim splitting. Claim splitting is when you have two causes of action on the same race, but race meaning the subject matter of the first suit. But it's not — when you dismiss without prejudice, that's explicit permission to refile. And we cited a SCOTUS case which relied on the Black's Law Dictionary. That's what that means. So it's not claim splitting because claim splitting presumes that you did not have leave to refile. So — and this is all from the Second Circuit, Northern Assurance, and — What about the Curtis case? Curtis is the other one. But Curtis says you cannot do — you cannot file a second lawsuit to get around the denial, dismissal in the first. Both of them — both of them say the same thing, which is the denial of leave to amend is irrelevant. The issue that we're trying to figure out is when did the plaintiff — when was the plaintiff supposed to bring this claim? Denial of leave to amend, we see in retrospect, well, it was too late to bring the claim. It's all for the furtherance of the issue of plaintiff needs to bring all of their claims at once, which we did. We brought all of the constitutional claims in the first lawsuit. Some of them were kicked out, but they were kicked out with leave to refile. We wanted to do it in one case. Magistrate judge says no. That doesn't mean we don't get to ever bring it, because that's fundamentally unfair. We get to bring the second suit, which is what we did. Thank you, Your Honors. Thank you, Mr. Guzzara. Mr. Mills. Good morning. May it please the Court. My name is Monty Mills, and I represent the city of Belle Plaine. I have three points to make this morning. First, when the district court dismissed the temple's second lawsuit, because it properly applied well-established Eighth Circuit law. Two, that same line of Eighth Circuit law indicates that the district court did not abuse its discretion when sanctioning appellate for filing the second lawsuit that was barred by res judicata. And three, the district court did not abuse its discretion in awarding the amount of fees as sanctions. So there's a line of Eighth Circuit cases that the district court properly applied when dismissing this temple's second lawsuit. Professional Management Associates, King v. Hoover, Landscape Properties v. Wiesenhunt, those are cited in our brief. The reference to Judge Loken's statement at the oral argument in December is taken far out of context. Judge Loken was referring to a distinct procedural issue about the amended complaint superseding the first complaint that's entirely distinct to whether Professional Management Associates bars a second action based on the same complaint as the first. Yeah. Is there a problem, though, that there was no final judgment yet? No. In the first case, does that mean that res judicata doesn't kick in yet? No, Your Honor. That is not a problem here. Why not? The preclusive effect arose from the denial of the motion to amend the complaint in the first matter. The magistrate judge under Section 636b1a had authority to decide any pretrial matter, including a motion to amend the complaint. And it's that magistrate judge's denial of the motion to amend the complaint that creates the preclusive effect here. And it doesn't matter if the appellant didn't wait for the district court judge to uphold the magistrate judge's ruling. And I need to correct something. What's your authority that the magistrate's decision on that issue has preclusive effect as if it were the final judgment of the district court? The Curtis v. Citibank case has a very similar procedural context. That's at 226 Federal 3rd, 133. There, it's very similar. The magistrate judge denied plaintiffs the leave to amend the complaint, and they filed a second complaint before the district court judge affirmed all of the magistrate judge's rulings. And the Second Circuit held that. That's Second Circuit. But do you have anything in the Eighth Circuit? The Professional Management Associates case is on point here as well, that it's the denial of the motion to amend the complaint that operates as the bar to a second complaint in a later action. And to be clear here, the appellant had the same case number on it. Was the second complaint filed in the same action? In which case, Your Honor? The one that's attacked here is frivolous. Did it have the same case number at the top? In this case, no. They filed a separate new action. It had a different case number at the top. I have a simple-minded question. Yes. Okay. Thank you. Apologies for not tracking. No, no. Thank you. I do want to clarify something. And that second case number, Your Honor, was 21CV0336. And I want to be clear that the procedural context here, I think, was a bit muddled. Earlier, on January 26, 2021, the magistrate judge issued an order denying the motion to amend the complaint. On February 4, 2021, the temple filed this second action. On February 9, 2021, the temple objected to the magistrate judge's order. The appellant can't allude the precedent of the professional management associates case simply by filing a second lawsuit before the district court judge affirmed the magistrate judge's denial of leave to amend the complaint. By filing the second complaint, the appellant disregarded that binding Eighth Circuit precedent and attempted to thwart the district court's preclusive judgment that the motion to amend the complaint was denied. And that is clear that the district court did deny the motion to amend the complaint on three separate grounds, untimeliness, failure to show good cause, and futility. The temple's proposed amended complaint was not based on a change of law or the emergence of new facts that were not previously available. The temple's proposed amendment claim even asserted that the core factual allegations are still the same as the first complaint. Most of those amended complaint factual allegations were either matters of public record or facts that the temple knew or had access to when it filed the original complaint. So with due diligence, the magistrate judge concluded that all of those allegations and theories could have been alleged in the original complaint. And the district court found that the record supported affirming the magistrate judge's decision that the temple lacked good cause for leave to amend the complaint because the temple knew or had access to all of those facts when it filed the first complaint. Those findings by the district court are supported in the record. I would cite the city's appendix at 97, the city's appendix at 129, the city's appendix at page 30. The district court also noted that the temple had forfeited the objections to the magistrate judge's determination that it lacked good cause to amend the complaint because the temple didn't specifically challenge those findings and conclusions when it objected to the magistrate judge's order. The temple thus failed to preserve those issues before the district court by failing to specifically challenge those findings and conclusions. The district court also determined that the temple's proposed amended claims were futile in that action. Is Kulinski just close enough to avoid frivolity? Kulinski is not even close here. Well, I don't know about not even close. So Kulinski arose in a distinct procedural context, Your Honor. I would submit respectfully. That's where a first lawsuit was dismissed for lack of jurisdiction and Kulinski Subject matter jurisdiction, correct? Subject matter jurisdiction. Proceed. And Kulinski discussed the distinction between the situation where you have a dismissal for lack of jurisdiction and a dismissal on the merits. And Kulinski specifically cited those on the merits dismissal cases, including the King v. Hoover that I mentioned earlier and Carter v. Moneytree, that involved an adjudication on the merits in the first lawsuit. So if you read Kulinski, it provides information. If you have a dismissal. But professional management, I don't know. Did professional management cite Kulinski? Professional management cited King and the others. Did it cite Kulinski? I don't believe it did, but I'm not certain. But if you look at all the cases, the professional management associate did cite King and so did Kulinski. So King is really the marker here that when you have an adjudication on the merits, that has preclusive effect. Kulinski explained that distinction between an adjudication on the merits and an adjudication for lack of jurisdiction. So I think it's pretty clear Kulinski does not provide a valid excuse here. Moving quickly to my second point. The district court properly followed the professional management associates case and the line of cases that that case relies on in applying sanctions here. In fact, in professional management associates, the court held that the district court abused its discretion by declining to issue sanctions and professional management associates remanded for the imposition of sanctions. And finally, just briefly, the district court didn't abuse its discretion in awarding the amount of fees. This Court's standard review is substantial deference in those determinations. And I think the ---- What about this business of the insurance company? I mean, if the insurance company is paying the lawyers, then will the money get to the insurance company or ---- Yeah. There's no authority for that, Your Honor. It's simply ---- Well, I don't know whether there's authority. I'm just, from a common sense point of view, if you didn't pay the lawyers, why should the city get the money? So there's no authority. And the common sense is this. Well, first of all, let's look at the text of the rule. Rule 11 provides fees incurred. Incur means to suffer a liability. And whether that liability is covered by an insurer or not, the plain text of the rule does not include a requirement that a party actually paid the fees. And stepping back from a larger perspective on attorney's fees are awarded in many cases without regard to whether a client actually paid the attorney's fees. I don't think it's the law that you have to show if someone is seeking the attorney's fees in a case that they actually paid all of those attorney's fees. I think that would turn the law, for example, Section 1988, on its head if a plaintiff was required to show that they paid, actually paid, all of those attorney's fees, rather than as the rule, or at least Rule 11 says, you incurred the fees. That's simply to suffer the liability. And the fact that an insurer is covering that liability makes no difference. I didn't think the word incurred is in the rule. Are you talking about Rule 11? It is, Your Honor, yes. 11C4? 11C2, Your Honor, the last sentence. 11C2. The court may award to the prevailing party the reasonable expenses, including attorney fees, incurred for the motion. Incurred for the motion. And then in C4, it authorized an order directing payment to the movement of all or part of the reasonable attorney's fees and other expenses directly resulting from the violation. So there's nothing in the text of the rule that says that someone has to actually pay the fees, and, you know, you talk about the common sense, requiring a plaintiff to actually pay attorney's fees in order to have a court award attorney's fees in a case would be Well, we're not talking about 1988 here. We're talking about Rule 11. Understood, Your Honor, I was just speaking And so I'm just wondering, what were the fees that directly resulted from the violation? The fees paid to the lawyers, or what? As the district court analyzed, you know, we submitted billing records, Your Honor. That's at appendix page 295 through 306. The district court reviewed those records and analyzed and concluded that those were the direct result from the violation of Rule 11. So the lawyers charged somebody a fee for this work? That's correct. Well, they charged the client, the city of Belle Plain, there is insurance here. But that insurance shouldn't give the plaintiff an out. I'm sorry, the plaintiff or the appellant an out. Okay, thank you. Thank you. Thank you, Mr. Mills. Mr. Kuzma, your rebuttal. Thank you. May it please the Court. I want to start with 636. Section 636 gives magistrates the power to resolve non-dispositive issues. To say that it has a preclusive effect is the exact opposite of non-dispositive. It's to say that it is dispositive. The magistrate resolved a question, which was whether I can bring forward this new complaint. The magistrate said no. I was never allowed to bring forward the new complaint. The new complaint addressed the fact issues that the district judge said were missing from the first complaint, such that they should be dismissed with leave to refile. So the magistrate judge, in effect, overruled the district judge. There's case law cited in the briefing. I forget it offhand. But there's a substantive purpose behind 636. 636 stands for the proposition that Article III judges undergo a lot more scrutiny than magistrate judges. There's easier procedures to appeal. I don't need to get into all of it. Suffice it to say, magistrate judges have limited power. This was outside the magistrate's power. Even if the judge said, you shall not refile that second complaint, that would be outside the court's power to do so. He didn't say that. Kalinsky doesn't cite King. It distinguishes King. It says these King line of cases were resolved on the merits, and then the plaintiff comes in wanting to bring forward some new theory or what have you. That's improper. That's sanctionable. That's not what we have here. We never got, we never even got within spitting distance of discovery on the question of why the city closed the forum. It's a subject matter of the controversy. We were allowed to proceed on promissory estoppel, but they wouldn't allow us to ask the question, why did you close the forum? Well, I don't understand that argument. I mean, the dismissal was for failure to state a claim. Correct. That's a merits decision as opposed to a jurisdiction decision. That's the distinction Kalinsky was making. Merits versus jurisdiction. Kalinsky doesn't say merits versus jurisdiction. That does. It says the procedural history of all three cases cited by Medtronic, however, included an adjudication of the first complaint on the merits. Kalinsky's first complaint, on the other hand, was dismissed for lack of jurisdiction. A dismissal of lack of jurisdiction is the same thing as a dismissal without prejudice. Per se, it's necessarily the same thing. Why is it necessarily the same thing? Because the dismissal without — upon dismissal for lack of subject matter or jurisdiction, the court never had the power to hear the case. Therefore, the court cannot reach the merits of the matter. That's a dismissal without prejudice. You cannot have prejudice in a subject matter jurisdiction dismissal. Right. Same thing here. It was dismissed without prejudice. That's the text. The text of the order said without prejudice. That, by dictionary definition terms, is not on the merits. And again, I cite the Black's Law Dictionary, which was relied upon by the Supreme Court case. Your Honors, I'm out of time. Suffice it to say, we think the Court should reverse. We think the Court should remand. And we appreciate your time today. Thank you, Mr. Kuznick. The Court thanks you.